PER CURIAM:
*871 Writ granted. The court of appeal erred in its application of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to find defendant's trial was rendered fundamentally unfair and the verdict unreliable when counsel's examination of a witness lead to the admission of other crimes evidence that would have otherwise been excluded. See State v. Taylor , 18-0950 (La. App. 4 Cir. 1/23/19) (unpub'd) (Brown, J., dissenting). Based on the evidence presented at trial, which included proof by DNA evidence that defendant had been inside the place of business he was not authorized to enter, see State v. Taylor , 14-0432 (La. 3/17/15), 166 So.3d 988, the district court correctly determined that defendant failed to carry his burden of showing prejudice under Strickland 's second prong. Accordingly, we reverse the court of appeal and reinstate the district court's ruling, which denied defendant's application for post-conviction relief.
Defendant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Respondent's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, respondent has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
REVERSED
WEIMER, J., would grant and docket